IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THONGCHAY DUANYAI,<br>Petitioner,<br><br>vs.<br><br>CLINTON FRIEL,<br><br>Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:05CV1053 DAK |

Petitioner, Thongchay Duanyai, was convicted by a state court jury of one first-degree-felony count of aggravated sexual abuse of a child, for which he was sentenced to five-years-to-life in prison, and one second-degree-felony count of sexual abuse of a child, for which he was sentenced to one-to-fifteen years.

Now serving that time as an inmate at Utah State Prison, Petitioner challenges his convictions in a federal habeas corpus petition,[1] in which he argues that (1) the state trial court's admission of videotaped evidence, along with hearsay, violated Utah law; (2) his counsel was ineffective for failing to preserve issues regarding cross-examination and admission of the videotape; and (3) *Crawford* applies to support his allegation that his right to confrontation was violated.  Having carefully reviewed briefing on these issues by both parties, the Court denies Petitioner's request for habeas relief.

BACKGROUND

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

Before trial, a police detective interviewed the victim, H.H., about his allegations against Petitioner. During the interview, which the detective videotaped, H.H. named Petitioner as his abuser and gave details of the molestation. Before trial, the prosecution moved for admission of H.H.'s videotaped statement. The trial court granted the motion at a hearing, during which defense counsel apparently did not object to the videotape's admission. The videotape was shown at trial; H.H. testified at trial; defense counsel did not request cross-examination. Petitioner was found guilty of the charges.

On direct appeal in the Utah Court of Appeals, Petitioner unsuccessfully challenged the trial court's evidentiary rulings. He argued that the trial court erred in admitting the videotaped statement without (1) entering sufficient findings under the Utah Code regarding reliability and valid corroborating evidence; and (2) ensuring Petitioner's Confrontation Clause rights were observed. He then petitioned the Utah Supreme and United States Supreme Courts for writ of certiorari and was denied.

In his petition here, Petitioner raises these same issues, together with claims of ineffective assistance of trial counsel and insufficient evidence.

ANALYSIS

I. Sufficiency of Findings

Petitioner first asserts that, in admitting the videotaped statement, the trial court entered insufficient findings regarding reliability and corroborating evidence. These findings were allegedly required by Utah law. Because Petitioner questions the validity of the state courts'

interpretation and/or application of state statute and evidentiary rules, the Court rejects this basis for a habeas remedy.[2]

## II. Confrontation Clause

Petitioner next attacks the state courts' determination that his right to confrontation was not violated. Specifically, the Utah Court of Appeals considered and rejected Petitioner's contention "pursuant to *Crawford v. Washington*, 124 S. Ct. 1354 (2004), that the trial court denied him the opportunity to cross-examine the alleged victim, H.H., by ruling to admit a videotaped interview of H.H."[3] This Court must review this state court ruling through the lens of the federal habeas standard of review.

A. <u>Standard of Review</u>

Section 2254, under which this habeas petition was filed, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.[4]

Under § 2254(d)(1), this Court may grant habeas relief only when the state court has formed "a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of

---

[2] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").
[3] *State v. Duanyai*, 2004 UT App 349, ¶ 1 (citations & footnote omitted), *cert. denied*, 109 P.3d 804 (Utah 2005).
[4] 28 U.S.C.S. § 2254(d) (2008).

the petitioner's case."[5]  This deferential standard does not allow a federal habeas court to issue a writ merely because it determines in its own view that the state decision erroneously applied clearly established federal law.[6]  "'Rather that application must also be unreasonable.'"[7]

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[8]

B. Application of Standard of Review

The issue here is whether the Utah Court of Appeals properly concluded that the trial court did not violate Petitioner's right to confrontation by allowing into evidence the victim's videotaped statement.  Regarding whether federal confrontation rights were violated here, the Utah Court of Appeals ruled:

> The Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." *United States v. Owens*, 484 U.S. 554, 559 (1988) (quotations and citation omitted).  Duanyai has not demonstrated the existence of any trial court error regarding his opportunity for cross-examination.  Thus, the trial court's ruling [admitting the videotaped statement] was not plain error.
>
> Duanyai also argues that the trial court "impliedly" denied him the opportunity for cross-examination.  Even assuming there was some error in the trial court's ruling, Duanyai waived any objection or invited the error.  A party cannot object on appeal to that into which he led the trial court.  *See State v. Bullock*, 791 P.2d 155, 159 (Utah 1989).  Defense counsel did not ask to cross-examine H.H. and implied that he had not expected to cross-examine H.H.

---

[5]  *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).
[6]  *See id.*
[7]  *Id.* (quoting *Williams*, 529 U.S. at 411).
[8]  28 U.S.C.S. § 2254(e)(1) (2008).

> Additionally, in the pretrial hearing motion, defense counsel specifically stated that he believed that the videotape would be admissible. Thus, the court did not err because nothing it did denied Duanyai the opportunity to cross-examine H.H. Moreover, Duanyai's counsel waived any objection, or invited the error, if any, by his affirmative statements and omissions. . . .
>
> Duanyai's Confrontation Clause rights were protected if he had an opportunity for cross-examination. *See Crawford*, 124 S. Ct. at 1373-74. We have held that Duanyai had that opportunity. . . . Accordingly, we conclude that the trial court did not violate Duanyai's Confrontation Clause rights.[9]

An evaluation of Supreme Court case law on the Confrontation Clause shows that the Utah Court of Appeals did not reach a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[10] In citing Supreme Court cases *Owens* and *Crawford*, the court of appeals selected appropriate Confrontation Clause precedent to apply to the facts of this case. That precedent explains that the chance to cross-examine prosecution witnesses is a crucial right protected by the Confrontation Clause. And, this is exactly the right Petitioner unsuccessfully argued was breached here.

Neither can this Court say that the Utah Court of Appeals unreasonably applied this "governing legal principle to the facts of . . . [P]etitioner's case."[11] Clearly, the court of appeals found that Petitioner was not denied his right to cross-examine his accuser, noting that Petitioner did not ask to exercise that right and agreed to the admissibility of the videotape. In recognizing the necessity of the accuser's availability for cross-examination, whether or not Petitioner took

---

[9] *State v. Duanyai*, 2004 UT App 349, ¶¶ 3-5.
[10] *See* 28 U.S.C.S. § 2254(d) (2008).
[11] *See id.*

advantage of it, the court of appeals reasonably applied appropriate Supreme Court precedent to the facts of this case.

Finally, this Court presumes the correctness of the court of appeals' factual finding that Petitioner had the opportunity for cross examination, yet chose not to cross examine. Petitioner has not presented evidence, let alone clear and convincing evidence, to the contrary. This crucial factual finding thus remains intact and provides the foundation for the court's invulnerable *Crawford* analysis.[12]

Accordingly, no habeas remedy is warranted regarding this Confrontation Clause challenge.

### III. Exhaustion and Procedural Default

Petitioner's two other issues--ineffective assistance and insufficient evidence--were unexhausted and are procedurally barred. In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts.[13] This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[14] Here, Petitioner did not present these two issues to any Utah court, let alone the Utah Supreme Court.

The United States Supreme Court has declared that when a petitioner has "'failed to

---

[12] This Court also notes the following relevant language from *Crawford*: "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." 541 U.S. at 59. Here, of course, the declarant, H.H., was present at trial, available for cross-examination. Although Petitioner did not take the opportunity to cross examine him, the rule from *Crawford* allows the use of H.H.'s prior testimonial statement, in the form of the videotape.

[13] *See* 28 U.S.C.S. § 2254(b) & (c) (2008); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished).

[14] *See Picard*, 404 U.S. at 275-276; *Knapp*, 1998 WL 778774, at *2.

exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[15]

Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal."[16]  The additional grounds Petitioner raises could have been raised at trial or on direct appeal and are, therefore, now ineligible for state post-conviction relief.

The PCRA further states that a state petition for post-conviction relief must be filed within one year of "the entry of the denial of the petition for writ of certiorari or the entry of the decision on the petition for certiorari review, if a petition for writ of certiorari is filed."[17]  So, even if Petitioner were to try now to file a state post-conviction-relief petition to effect exhaustion of either of these issues, the statute of limitation has run out and such a petition would not be accepted (barring some possible extreme exceptional circumstance that has not been brought to this Court's attention).

Specifically, on direct appeal, Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on March 30, 2005.  One year later, around March 30, 2006, Petitioner's time to file a state post-conviction petition ran out.  Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts

---

[15] *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).
[16] Utah Code Ann. § 78B-9-106(1)(c) (2008); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .") (citation omitted).
[17] Utah Code Ann. § 78B-9-107 (2008).

would determine them to be procedurally barred.

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[18] Except for a cursory, inadequate argument of actual innocence, Petitioner has argued neither cause and prejudice nor a fundamental miscarriage of justice that justify his procedural default.

In sum, the Court determines Petitioner properly raised neither ineffective assistance nor insufficient evidence before the Utah Supreme Court. Because under state law those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case. Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default.

## CONCLUSION

IT IS ORDERED that Petitioner is not entitled to a federal habeas corpus remedy on the basis of state law or Confrontation Clause violations. Further, Petitioner's claims of ineffective assistance of counsel and insufficient evidence are procedurally barred. This petition is denied.

DATED this 23rd day of February, 2009.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[18] *Thomas*, 218 F.3d at 1221 (alteration in original) (citation omitted).